IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-133-1F
No. 7:12-CV-131-F

| | |
|---|---|
| JAMES PHILLIP LOWERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on May 18, 2012 [DE #27]. The government has moved to dismiss the motion pursuant to Rule 12(b)(1) for lack of jurisdiction, and Petitioner has responded to the government's motion. This matter was referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that Petitioner's motion be granted, the government's motion be denied, and the judgment on Petitioner's conviction of possession of a firearm by a convicted felon be vacated.

## STATEMENT OF THE CASE

On November 13, 2002, Petitioner was named in a one-count indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1). Petitioner pled guilty to the indictment pursuant to a written plea agreement. On July 7, 2003, the court sentenced Petitioner to a 78-month term of imprisonment. Petitioner did not appeal his conviction or sentence. Therefore, judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." *United States v. Sanders*, 247 F.3d 139, 142

(4th Cir. 2001). Petitioner now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on the ground that he is actually innocent under the reasoning of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

## DISCUSSION

At the time Petitioner pled guilty, the law in the Fourth Circuit was well settled that an offense under North Carolina's Structured Sentencing Act was punishable by a term exceeding one year if the maximum aggravated sentence that *any* defendant could receive exceeded twelve months. *See United States v. Jones*, 195 F.3d 205 (4th Cir. 1999), *abrogated by United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Thus, an individual could have a prior conviction "punishable by a term exceeding one year" even if he could not have received a sentence of that duration. Under then-existing Fourth Circuit precedent, Petitioner pled guilty and was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) based upon his 1998 conviction of larceny in North Carolina state court. Following Petitioner's conviction and sentencing, the Fourth Circuit issued an *en banc* decision overruling its prior precedent and holding that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. *Simmons*, 649 F.3d at 243-46.

Relying on *Simmons*, Petitioner now contends that he is actually innocent of the § 922(g)(1) offense because his prior larceny conviction was not punishable by a term of imprisonment exceeding one year. The government does not dispute that Petitioner's prior larceny offense was classified as a Class H felony or that Petitioner, because of his prior record level and the absence of any findings in aggravation, was not subject to punishment exceeding one year under North Carolina's Structured Sentencing Act. Instead, the government moves to

2

dismiss Petitioner's § 2255 motion on the grounds that the motion is untimely, that the relief requested is barred by Petitioner's plea waiver, and that the motion is moot because there is no possibility that Petitioner will suffer collateral legal consequences as a result of his § 922(g)(1) conviction.

**I.     Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's motion was not filed within one year of any of the circumstances set forth in § 2255(f). Petitioner filed his § 2255 motion almost nine years after his judgment became final, and his motion is, therefore, not timely under 28 U.S.C. § 2255(f)(1). Additionally, there is no allegation that the government impeded Petitioner's ability to file his § 2255 motion. *See* 28 U.S.C.§ 2255(f)(2). Nor is Petitioner's motion based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 18 U.S.C. § 2255(f)(3); *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012). Finally, Petitioner's argument that his claim is timely because it is based upon newly discovered facts is without merit. For purposes of § 2255(f)(4),

3

"facts" may include court rulings, such as a finding that the petitioner is not guilty of an offense. *See Johnson v. United States*, 544 U.S. 295 (2005) (vacatur of petitioner's state conviction was "fact" supporting his § 2255 challenge of career offender classification for purposes of § 2255(f)(4)). However, a legal decision that does not affect the validity of the petitioner's *own* underlying convictions is not a "new fact" for purposes of triggering the (f)(4) one-year period. *Walton v. United States*, No. 2:07-CR017-1F, 2013 WL 1309277 (E.D.N.C. Mar. 28, 2013) (collecting cases). Because the Fourth Circuit's ruling in *Simmons* does not constitute a new fact rendering Petitioner's claim timely under § 2255(f)(4) and Petitioner's claim was not filed within one year of any of the other circumstances described in § 2255(f), Petitioner's claim is not timely.

Petitioner also requests that the court equitably toll the limitations period. An otherwise time-barred petitioner is entitled to equitable tolling in "'those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The Fourth Circuit has not expressly addressed whether a claim of actual innocence may equitably toll § 2255's limitations period, but "several 'circuit courts have held that an actual innocence claim provides a basis for equitable tolling of AEDPA's one-year limitation period and entitles a petitioner to consideration of time-barred constitutional claims.'" *McDougald v. United States*, No. 7:05-CR-108-D, 2012 WL 4735426, at *2 (E.D.N.C. Oct. 3, 2012) (quoting *Rozzelle v. Sec'y Fla. Dep't of Corrs.*, 672 F.3d 1000, 1012 n.14 (11th Cir. 2012)).

In *Lopez v. Trani*, 628 F.3d 1228 (10th Cir. 2010), the Tenth Circuit noted that Supreme Court precedent excuses procedural default where a petitioner demonstrates either "'cause for the

4

default and actual prejudice as a result of the alleged violation of federal law'" or "'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Lopez*, 628 F.3d at 1230 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Thus, 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" *Id*. (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). The Tenth Circuit's reasoning is persuasive.

"[A] sufficiently supported claim of actual innocence creates an exception to procedural barriers," including AEDPA's one-year statute of limitations, "for bringing constitutional claims." *Lopez*, 628 F.3d at 1230. "Claims of actual innocence, whether presented as freestanding ones, . . . or merely as gateways to excuse a procedural default, . . . should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Nevertheless, "the principle[] . . . of finality . . . 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray v. Carrier*, 477 U.S. 478, 495 (1986) (quoting *Engle v. Isaac*, 456 U.S. 107, 129 (1982)). In the rare and extraordinary case where a petitioner is able to demonstrate actual, factual innocence of the offense of which he was charged and convicted, application of § 2255's one-year statute of limitations to bar the petitioner's claim would result in a fundamental miscarriage of justice. *Lopez,* 628 F.3d at 1230; s*ee also Davis v. United States*, 417 U.S. 333, 346-47 (1974) ("There can be no room for doubt that [conviction for an act that the law does not make criminal] 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under § 2255.").

To establish actual innocence, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327

5

(1995). "'[A]ctual innocence' means factual innocence, not mere legal sufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

> [T]he government is not limited to the existing record to rebut any showing that petitioner might make. Rather, . . . the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy . . . . In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges.

*Id.* at 624. If petitioner meets his burden of proving actual innocence, he will then be entitled to have his claim considered on the merits. *Id.*

The indictment in this case charged Petitioner with only one offense – possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1). There being no dispute that Petitioner had not previously been convicted of an offense punishable by a term exceeding one year, and there being no evidence that the government had forgone other charges in the course of plea bargaining, Petitioner has met his burden of proving actual innocence. As such, the limitations period should be equitably tolled to permit Petitioner to pursue his claims.

**II.     Waiver**

The government next contends that Petitioner's claim is barred by the plea waiver contained in his plea agreement.[1] A criminal defendant may waive his right to appeal or collaterally attack his conviction and sentence. *United States v. Lemaster*, 403 F.3d 216, 220

---

[1] Petitioner agreed to waive his rights "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing," as well as "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not know to [Petitioner] at the time of [his] guilty plea." (Mem. Plea Agt. [DE #10] at 1-2.)

6

(4th Cir. 2005). Appeal waivers are valid and enforceable where they are knowingly and voluntarily made. *Id.* However, such waivers are not without limits. "For example, a defendant [can] not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). In *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005), the Fourth Circuit explained that such errors could not have been reasonably contemplated at the time of plea and, therefore, fall outside the scope of a plea waiver. *Blick*, 408 F.3d at 171-72. Claims of actual innocence, like those challenging an illegal sentence, are within the category of claims that fall outside the scope of plea waivers. *United States v. Mahorn*, No. 5:06-CR-128-BO, 2012 WL 1253051, at *1 (E.D.N.C. Apr. 13, 2012). Accordingly, Petitioner's claim is not barred by his plea waiver.

### III. Mootness

Finally, the government contends that the court should deny Petitioner's claim as moot because "there is no possibility that any collateral legal consequences will be imposed" due to his § 922(g)(1) conviction. In essence, the government argues that because Petitioner has been convicted of drug felony offenses since the date of the instant conviction, he is unable to show any adverse legal consequences.

It is an "obvious fact of life that most criminal convictions . . . entail adverse collateral legal consequences." *Sibron v. New York*, 392 U.S. 40, 57 (1968). Thus, felony convictions have long been presumed to cause collateral harm. *See Sibron*, 392 U.S. 40. If nothing else, there is a possibility that Petitioner's current conviction might be used to subject him to enhanced penalties should he be convicted of any future offenses. *Id.* Accordingly, Petitioner's motion is not moot.

7

## **CONCLUSION**

The government having conceded the absence of any predicate felony to support Petitioner's conviction of possession of a firearm by a convicted felon and having failed to put forth any reasons that relief should be denied, it is, therefore, RECOMMENDED that the government's motion to dismiss be DENIED, that Petitioner's § 2255 motion be GRANTED and that the court's judgment entered July 7, 2003, be VACATED.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 25th day of February 2014.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge